UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HARRY H. JUNG

                                            Civil Action No.

                           Plaintiff,         **COMPLAINT & JURY DEMAND**

SHERZOD SHARIPOV and "JOHN DOE"
(fictitious name until the actual name is known),

                           Defendants.
-------------------------------------------------------------------X

      Plaintiff HARRY H JUNG ("Plaintiff"), by his attorneys, DANIEL D. KIM, P.C. (Daniel D. Kim, Esq. appearing), as and for his Complaint against the Defendants, SHERZOD SHARIPOV and JOHN DOE (fictitious name until the actual name is known) (collectively "Defendants") respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action for personal injuries sustained by Plaintiff, a pedestrian lawfully walking within a crosswalk, who was struck by a vehicle negligently operated by Defendants and unlawfully left at the scene without rendering assistance or providing identifying information.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the action pursuant to 28 U.S.C. Section 1332 in the complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000.00, exclusive of costs and interest, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part

of the events or omissions giving rise to the claims occurred in New York County, within the Southern District of New York.

## PARTIES

4. At all times hereinafter mentioned, Plaintiff HARRY H JUNG ("Plaintiff") is a citizen of the State of New Jersey, residing at 172 Behnke Avenue, Paramus, Bergen County, New Jersey 07652.

5. At all times hereinafter mentioned, Defendant SHERZOD SHARIPOV ("Owner") was and is a citizen of New York. At the time of the accident, the Owner was residing at 63-45 Wetherole St., 6D, Rego Park, New York 11374, and was the registered owner of a 2023 Black GMC Yukon vehicle bearing the New York license plate number "T113320C".

6. Upon information and belief, JOHN DOE (fictitious name until the actual name known) was the operator of the Owner's vehicle, bearing the license plate number "T113320C", at the time and date of the accident and left the scene of the accident, more fully described below.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

7. On or about December 6, 2023, at or about 03:30 p.m., Defendant SHERZOD SHARIPOV's vehicle was being operated either by the Owner or John Doe on East Houston Street, at the intersection of East Houston Street and Broadway, Manhattan, New York ("Accident Location").

8. At the aforesaid time and at the Accident Location, Plaintiff was lawfully crossing the street southbound on Broadway on the crosswalk at the intersection of East Houston Street and Broadway, New York, New York.

9. While making a left turn, Defendants negligently failed to yield and struck Plaintiff.

10. The aforesaid accident occurred by reason of gross negligence, negligence, recklessness, and carelessness of the Defendants in their ownership, operation, management, and the business of and in the control of the Owner's vehicle as follows: Defendants negligently caused the Owner's vehicle to strike Plaintiff who was lawfully walking on the crosswalk; Defendant(s) made a left turn which was unreasonably dangerous, reckless, and careless without yielding the a pedestrian lawfully walking on the crosswalk; in striking Plaintiff with great force and violence without exercising a reasonable care; failing to look out for a pedestrian walking at the intersection; in failing to utilize the horn or give any sign, signal warning or the approach of the Owner's vehicle and adequately applying the brake of the vehicle to come to stop to yield the right of way; in traveling at an unlawful rate of speed under the circumstances; Defendant(s) failed to operate the vehicle in a safe and proper manner including but not limited to properly looking out for the pedestrian crossing at the intersection and utilizing and/or following the necessary automatic warning device of the vehicle; failing to keep the vehicle a safe and proper distance from Plaintiff; in failure to keep the vehicle under proper, prudent and adequate control; in that Defendant(s) failed to see what was expected to see under the circumstances and failed to keep a proper look out; in failing to avoid the contact and in otherwise being gross negligent, negligent per se, or negligent.

Defendants were negligent in general, in failing to exercise that degree of care and caution warranted under the circumstances.

11. The aforesaid occurrence and the injuries resulting to Plaintiff were caused solely and wholly as a result of the negligence of the defendants without any negligence on the part of the Plaintiff.

12. As a result thereof, the Plaintiff sustained a serious injury as defined by the

Article of the New York Insurance law, and he is entitled to recover for non-economic loss and pain and suffering; Plaintiff was a covered person as defined by Section 5102 of the Insurance Law of the State of New York.

13. That solely by reason of the aforesaid accident, the Plaintiff suffered serious injuries to various and vital part of his body including but not limited to fractured right foot, recommended to undergo an open reduction to insert hardware, tear of the anterior right hip labrum, bilateral hip joint effusions, greater on the right, recommended for surgery. Plaintiff became sick, sore, lame, and disabled, suffered and still suffers and will continue to suffer for some time to come, great mental, psychological, and physical pain, mental anguish and bodily injuries, including, but not limited to, severe and psychological injuries that the Plaintiff has been informed and verily believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

14. This action falls within one or more of the exceptions set forth in CPLR 1602.

15. Solely by reason of the aforesaid, Plaintiff has been damaged in excess of the minimum amount in controversy as required by this Court.

WHEREFORE, Plaintiff, HARRY H JUNG, demands judgment against the defendants as follows:

   a. An amount to be proven at trial, but currently believed to be in excess of $500.000, with interest, together with costs and reasonable attorney fees, and

   b. Granting such other, further, and different relief as this Court may deem just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION: HIT AND RUN

16. Plaintiff incorporates by reference all preceding paragraphs and realleges them as if set forth fully herein.

17. At the time of the accident, the vehicle that struck Plaintiff was a black 2023 GMC Yukon bearing New York license plate "T113320C," identified as a For-Hire Vehicle licensed under the jurisdiction of the New York City Taxi and Limousine Commission (TLC).

18. After violently striking the Plaintiff, a pedestrian lawfully crossing within a crosswalk, the driver of the vehicle fled the scene without stopping to provide assistance or report the collision as required under the Vehicle and Traffic Law and TLC rules.

19. Defendant JOHN DOE or the Owner, the operator of the aforesaid TLC-licensed vehicle, failed to remain at the scene, and failed to report the accident, in violation of both New York State law and TLC Rule §59A-12(d)(2), which mandates that the owner of a For-Hire Vehicle immediately report in writing to the Commission any collision required to be reported to the DMV under Vehicle and Traffic Law §605, including collisions involving personal injury.

20. Upon information and belief, the driver, JOHN DOE, and/or the Owner, SHERZOD SHARIPOV, failed to submit the required written report to the Commission and to provide a copy of the report submitted to the DMV within 10 days, constituting a violation of the aforementioned TLC regulations.

21. The driver's failure to remain at the scene, provide aid, and report the collision resulted in increased physical and emotional harm to the Plaintiff, who was left unattended in serious pain on a public street. This conduct also violated public safety standards established to protect pedestrians and members of the public.

22. As a direct and proximate result of Defendants' willful and reckless conduct, including the unlawful departure from the scene and failure to report, Plaintiff suffered aggravated injuries, emotional distress, and delay in receiving timely medical attention.

23. Defendants' failure to comply with TLC Rule §59A-12(d)(2) constitutes further evidence of their negligence and disregard for public safety and statutory duties imposed on licensed For-Hire Vehicle operators and owners.

24. Despite these heightened regulatory obligations, the operator of the vehicle fled the scene without stopping to render assistance or identify himself, in knowing violation of both New York Vehicle and Traffic Law § 600(2)(a) and TLC's mandatory reporting rules.

25. As a result of the hit-and-run incident, Plaintiff was left helpless on the roadway, in excruciating pain and without immediate assistance, suffering not only the physical consequences of the impact but also severe emotional distress and delay in receiving emergency medical attention.

26. Upon information and belief, Defendants were cited for a misdemeanor by a New York City Police Officer.

WHEREFORE, Plaintiff demands judgment against Defendants on the Second Cause of Action as follows:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages based on willful and reckless conduct, including violations of TLC and state law;

c. Costs, disbursements, and interest; and

d. Such other and further relief as the Court deems just and proper.

                                         DANIEL D. KIM, P.C.
                                         *Daniel D. Kim*

By:   Daniel D. Kim
*Attorneys for Plaintiff HARRY H JUNG.*
416 E. Central Blvd. 2nd Fl.
Palisades Park, New Jersey 07650
5 Penn Plaza, 23 Fl.
New York, New York 10001
Tel: (201) 947-2188
Cel: (201) 741-1114

Dated: New York, New York
       May 19, 2025